NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 8 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>TIMOTHY PEOPLES, AKA Tee,<br><br>Defendant - Appellant. | No. 24-6091<br><br>D.C. No.<br>3:19-cr-00226-RS-13<br><br>MEMORANDUM\* |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted December 3, 2025
San Francisco, California

Before: R. NELSON, COLLINS, and VANDYKE, Circuit Judges.
Dissent by Judge COLLINS.

Defendant–Appellant Timothy Peoples ("Peoples") was convicted by a jury

for cocaine trafficking. On appeal, Peoples alleges that the district court erred by

excluding certain evidence and erred while instructing the jury. We do not address

appellant's briefed arguments concerning a sentencing enhancement and ineffective

---

\* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

assistance of counsel, which appellant's counsel withdrew during argument. We have jurisdiction under 28 U.S.C. § 1291 and affirm the judgment of the district court.

We review a district court's "evidentiary rulings for abuse of discretion and reverse if the exercise of discretion is both erroneous and prejudicial." *Wagner v. Cnty. of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013). We review the district court's formulation of jury instructions for abuse of discretion. *United States v. Tirouda*, 394 F.3d 683, 688 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (July 13, 2005).

1. Even assuming, without deciding, that the district court erred by excluding evidence of one police officer's subsequent investigation and convictions, any such error was harmless in light of the overwhelming evidence of Peoples' guilt. Reversal is not required where the government demonstrates that "it is more probable than not that the error did not materially affect the verdict." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1099 (9th Cir. 2005).

Here, the jury's guilty verdict was supported by overwhelming evidence. Peoples admitted to agents that he purchased cocaine from a distributor several times each week and resold it to others. At trial, Peoples' counsel admitted to the jury that Peoples "did buy and sell cocaine." The government presented fifty-two recorded phone calls during which Peoples ordered cocaine from a distributor. The

government also provided extensive surveillance evidence—via direct observation, phone and vehicle trackers, and cameras—of the drug transactions between Peoples and his distributor. The government presented cocaine, cocaine base, a cocaine-coated scale, a cocaine-coated grinder, and $15,000 of cash that were discovered in Peoples' home. The government presented testimony and documentation about the collection of this evidence and explained that it was indicative of cocaine trafficking, not personal use. The government also presented substantial evidence that the officer who was subsequently investigated and convicted was not present during the search of Peoples' home.

The government has met its burden of demonstrating that "it is more probable than not" that the allegedly erroneous exclusion of evidence "did not materially affect the verdict." *Gonzalez-Flores*, 418 F.3d at 1099. Thus, any such error was harmless.

2. The district court did not abuse its discretion by instructing the jury that all evidence in the case was legally obtained. As we recently held, a district court does not abuse its discretion by instructing the jury that evidence was legally obtained after previously denying a defendant's motion to suppress the same evidence. *United States v. Hamilton*, 131 F.4th 1087, 1097 (9th Cir. 2025). Taken together in the "context of the entire trial, the court's instruction did not improperly guide the jury or intrude on its fact-finding role." *Hamilton*, 131 F.4th at 1097.

**AFFIRMED.**



*United States v. Peoples*, No. 24-6091

COLLINS, Circuit Judge, dissenting:

In my view, the trial of Defendant-Appellant Timothy Peoples was sufficiently tainted by error to warrant reversal of his conviction. I therefore respectfully dissent.

In addressing the Government's pretrial motion in limine to exclude any evidence of "federal indictments or prosecutions of Antioch police officers," the district court correctly recognized that the relevance of such evidence turned on the "threshold question of whether [Antioch Officer Morteza] Amiri was present at the search of Peoples'[s] home." The Federal Rules of Evidence are clear as to how such a threshold question of relevance is to be resolved: "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." FED. R. EVID. 104(b). Because the standard is not whether *the district court* thinks that the predicate fact has been established, but instead whether there is enough evidence from which a jury could find that fact, the Supreme Court has squarely held that, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court *neither weighs credibility nor makes a finding* that the Government has proved the conditional fact by a preponderance of the evidence." *Huddleston v. United States*, 485 U.S. 681, 690 (1988) (emphasis added). Rather, the district

court must "simply examine[] all the evidence in the case and decide[] whether the *jury* could reasonably find the conditional fact . . . by a preponderance of the evidence." *Id*. (emphasis added).

Here, the district court plainly contravened these standards. The court noted that, at a hearing on the motion in limine, both sides presented witness testimony and exhibits, but the court concluded that "the government's evidence was considerably more persuasive." Although Peoples's witness Cresensia Allen—who was living with Peoples and had a child by him—affirmatively testified that Amiri had been present at the search of Peoples's home, the district court concluded that she "demonstrated strong bias in favor of Peoples and against the government" and that "[h]er identification of Amiri as having been at the scene of the search was shaky at best and subject to impeachment." Therefore, the district court concluded, "Peoples'[s] witnesses and version of events were unsupported by *credible* testimony or exhibits" (emphasis added). Under *Huddleston*, the district court erred in weighing the credibility of the competing testimony and evidence. And because, taking Allen's testimony as true, a reasonable jury could find that Amiri was present at the search, the district court erred in granting the motion in limine.

The majority concludes that any error was harmless, but I disagree. The majority states that the evidence of guilt was "overwhelming," given the extensive evidence that Peoples had bought and sold cocaine on numerous occasions. *See*

2

Memo. Dispo. at 2–3. The problem with this argument is that Peoples was not charged with any inchoate drug-trafficking offense (such as conspiracy), but only with possessing, "[o]n or about April 30, 2019," with intent to distribute, (1) cocaine base; and (2) cocaine. In other words, he was charged *only* with possessing the *particular* drugs found during the April 30, 2019 search of his home. Peoples's defense was that there was a reasonable doubt as to whether that drug evidence was "trustworthy," given that (1) "none of the drugs" assertedly seized were visible in a "pre-search video" that was taken "to memorialize what's in plain view"; (2) photos taken by the officers assertedly appeared to have been "staged"; and (3) the K-9 "drug dog didn't alert to the drugs that [we]re later found in the kitchen." Allen also testified at the trial and affirmatively stated that there was no cocaine in the house at the time of the search. The defense's proffered inference that—to put it bluntly—the evidence had been planted would have been materially strengthened by testimony that Amiri was involved in the search and that, by the time of trial, Amiri had been indicted for a variety of offenses relating to his official duties, including filing a false police report with the intent to impede a federal investigation. In my view, the Government has not carried its burden to show that the district court's error was harmless. *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997).

Moreover, the district court's error on this score is compounded by a related

error concerning the jury instructions given in this case. Over the objection of Peoples's counsel, the court gave the following instruction to the jury:

> The evidence in this case was legally obtained. It is not for you to consider whether any evidence presented to you was illegally obtained. It remains for you to determine the weight of all the evidence.

As the majority notes, we recently held that a similar instruction, "when viewed in context of the entire trial" in that case, "did not improperly guide the jury or intrude on its fact-finding role" in considering the defense argument that "the officers planted the gun" that the defendant was charged with possessing. *United States v. Hamilton*, 131 F.4th 1087, 1097 (9th Cir. 2025). But what distinguishes this case from *Hamilton* is that, in his closing argument, the prosecutor misused this instruction in precisely the way that underlay the defense objection. Rather than using the instruction to remind the jury that it was not to concern itself with suppression-based arguments about "the legality of the search," the prosecutor instead insinuated that the instruction refuted the defense's theory that the evidence was planted:

> Finally, let me talk about Mr. Peoples.
>
> I think I have to spend a little more time on this one, because [Peoples's defense attorney] said a number of things.
>
> This is the first thing I'll say. Ignore all the distractions. He wants to talk about a lot of things other than the fact that it was cocaine on the kitchen counter, and the fact that Mr. Peoples possessed with intent to distribute.
>
> Now, let me read something to you before I leave him.

4

Instruction number 11.  *The evidence in this case was obtained legally.*  It is not for you to consider whether any evidence presented to you was illegally obtained.  It remains for you to determine the weight of all the evidence.

He wants you to think something.  Now, he couldn't quite bring himself to say it, but what do you think he's trying to suggest?  *He's trying to suggest that this evidence was planted.  Planted.*

The Government's juxtaposition of this instruction with its criticism of the defense's planted-evidence theory means that, "when viewed in context of the entire trial" in *this* case, the instruction *did* "improperly guide the jury" and "intrude on its fact-finding role" in considering the defense argument.  *Hamilton*, 131 F.4th at 1097.

In light of these two errors, which mutually contributed to impairing the jury's assessment of the defense case, I would reverse Peoples's conviction and remand for a new trial.

I respectfully dissent.